IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SHANNON DERRELL WILLIAMS,
                              Petitioner,

        v.                                Criminal Action Number 3:02CR85-JRS-01
                                                  Civil Action Number 3:05CV100-JRS

UNITED STATES OF AMERICA,
                              Respondent.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Shannon Derrell Williams's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons stated below, Petitioner's Motion is DENIED.

### I. BACKGROUND

Shannon Derrell Williams and four other individuals were named in a multi-count indictment arising out of their involvement in a loose-knit association of drug dealers that controlled an open-air drug market in Richmond, Virginia. The Petitioner carried on the illegal activity from 1995 to 2001. On October 26, 2001, the Petitioner was stopped by two police officers on a traffic violation. Petitioner, who was carrying a large amount of crack cocaine at the time, ran from the vehicle. During the ensuing chase, the Petitioner threw to the ground a bag later found to contain over 8 grams of crack cocaine. On February 21, 2002, when Petitioner was arrested, one knotted plastic bag corner containing 3.27 grams of cocaine was recovered from him.

On November 6, 1998, at approximately 2 A.M., three individuals approached Petitioner's associate to purchase crack cocaine. When the associate was about to make the sale, Petitioner pointed a 9mm firearm with a directional beam at the first individual and demanded his money. When the individual brushed the gun away, Petitioner re-aimed the gun and shot him through the right eye, killing him instantly. Petitioner then proceeded to shoot the driver of the vehicle in the back of the head. The vehicle crashed, and Petitioner shot the third victim, who was a passenger in the car. After the shootings, Petitioner took money from the first victim's pants pocket and fled the scene.

Following a bench trial, on October 23, 2002, this Court found Petitioner guilty of the following counts. Count One of the Superseding Indictment charged him with conspiracy to distribute more than fifty (50) grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Count Two charged Petitioner with possession with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Count Three charged Petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). Counts Seven through Nine charged Petitioner with three counts of murder while engaged in a drug conspiracy involving more than 50 grams of cocaine base, in violation of 21 U.S.C. § 848 (e)(1)(A). Count Ten charged Petitioner with use of a firearm during and in relation to a drug conspiracy, resulting in death, in violation of 18 U.S.C. §§ 924 (c) and (j).

On January 27, 2003, this Court sentenced the Petitioner to life imprisonment on Counts One, Two, Seven, Eight, and Nine, to run concurrently with each other, to 240 months imprisonment on Count Three to run concurrently with the former, and life imprisonment on Count Ten to run consecutively. On February 3rd and 5th of 2003, Petitioner filed two separate notices of appeal. On

January 16, 2004, the Fourth Circuit finding no reversible error, affirmed the convictions and sentences on all counts. Petitioner filed for a writ of certiorari on February 17, 2004. On March 22, 2004, his writ of certiorari was denied.

This matter is now ripe for consideration based on the record. This Court dispenses with oral argument since the facts and legal contentions are adequately presented in the existing record. "A hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief." United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988).

## II. STANDARD OF REVIEW

When bringing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, a petitioner bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); United States v. King, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). Williams, the Petitioner in this case, is pro se. Accordingly, he is subject to a less stringent standard than an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. PETITIONER'S CLAIMS

Mr. Williams's petition raises three issues: (1) the validity of his waiver of right to jury trial; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. Each issue is discussed below.

    a. <u>Petitioner's Claim that his Waiver of his Right to a Jury Trial Was Not Made Knowingly and Voluntarily</u>

Petitioner's first claim is that his waiver of his constitutional right to a jury trial was not made knowingly and voluntarily. Petitioner contends the District Court did not ascertain from him whether he in fact was relinquishing that right. Petitioner's claims are barred because he failed to raise them on direct appeal. Petitioner's claims also lack merit.

A claim not raised on direct appeal cannot be heard on collateral review unless the applicant shows "cause" for failure to raise his claims earlier in the appeal process, and "actual prejudice." <u>McCleskey v. Zant</u>, 499 U.S. 467, 493–94 (1991); <u>United States v. Landrum</u>, 93 F.3d 122, 124 (4th Cir. 1996) ("[a] claim raised for the first time in a § 2255 motion generally is not cognizable in federal court unless Petitioner demonstrates both (1) cause excusing his . . . procedural default, and (2) actual prejudice resulting from the errors of which he complains."). Petitioner never raised this argument during trial or on direct appeal. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. See <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Petitioner does not satisfy the cause requirement, and his procedural default should not be excused.

Assuming arguendo, petitioner had sufficiently established cause and prejudice to overcome the procedural default, his claim does not succeed on its merits. As to Petitioner's claim that he was not aware of the right he was waiving, the record conclusively demonstrates this is simply not true. Petitioner signed a Waiver of Trial by Jury form on October 2, 2003. His counsel submitted to the Court on March 28, 2004 that Petitioner's decision was his alone, and was initiated by Petitioner. According to his trial counsel, Petitioner had "indicated familiarity with his right to trial by jury, as

well as the pros and cons of requesting jury or non-jury." See Gov't Resp. Tab A, at 2. The record refutes Petitioner's instant claims that he did not know what a jury trial was, and did not know of his right to a jury trial.

Federal Rule of Criminal Procedure 23 provides that if a defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the Government consents; and (3) the court approves. Fed. R. Crim. P. 23(a). Here, all three of these conditions were met. Petitioner did waive his right to a jury trial in writing, and attested that he had been advised by his attorney of his right to a trial by jury. Petitioner's waiver was signed by his attorney, and approved by the Court. "It must be established that there was an intentional relinquishment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458 (1938). There is no requirement that Petitioner waive his right in open court, nor is there a requirement for Petitioner to be brought before the court and advised of that right. Thus, Petitioner's claim that his waiver of the right to a jury trial was not made knowingly and voluntarily is without merit.

b. Trial Counsel's Failure to make a Rule 29 Dismissal Motion on Count Ten

Generally, to establish a violation of the Sixth Amendment through ineffective assistance of counsel, a petitioner must show that "(i) his attorney's performance was, under all circumstances, unreasonable under prevailing professional norms, and (ii) there is a reasonable possibility that, but for counsel's errors, a different result would have obtained." Smith v. United States, 871 F. Supp. 251, 255 (E.D. Va. 1994) (finding that petitioner was prejudiced by his counsel's failure to object to being assigned an improper criminal history point which raised his Criminal History Category from II to III); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must show that he was prejudiced by his counsel's error – that had his attorney objected or not committed

5

the alleged error, the outcome of the proceeding would have been different. Indeed, petitioner must raise "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Importantly, while Strickland imposes a two-part test for evaluating ineffective assistance of counsel claims, the court need only find that petitioner failed to satisfy one of the two requirements. See id. at 690.

Petitioner contends that trial counsel was ineffective in not moving for a Judgment of Acquittal, pursuant to Fed. R. Crim. P. 29. Petitioner contends there was insufficient evidence to convict him of use of a firearm during and in relation to a drug trafficking crime resulting in death. Petitioner contends instead, that the murders took place during the course of a random armed robbery.

Fed. R. Crim. P. 29 provides, before submission to the jury, after the government closes its evidence, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." At the end of the Government's case, Petitioner's trial counsel stated to the Court:

> This would normally be time where we might ask you or we might move for judgment of acquittal. Obviously, there is not a jury in place. We have discussed it with Mr. Williams, and based on what he has asked us to do we are going to reserve that motion and make it part of Mr. Bowen's summation if the Court will allow us to do that.

Trial Tr. 488–89

Trial counsel made a strategic decision to combine his Motion with his summation. He indicated he consulted with and had the permission of Petitioner. More importantly, there was no harm in reserving the Motion for Judgment of Acquittal, because such a motion has no real application in a bench trial. See United States v. Grace, 367 F.3d 29, 34 (1st Cir. 2004) (finding

6

defendant's counsel was not required to move for judgment of acquittal under Fed. R. Crim. P. 29 during a bench trial, in order to obtain de novo review of her challenge on appeal, to sufficiency of the evidence); United States v. Atkinson, 990 F.2d 501, 503 (9th Cir. 1993) (holding motion for acquittal is not necessary in a bench trial in order to preserve sufficiency of evidence claim for appeal). Since Fed. R. Crim. P. 29 was designed to protect against an improper or irrational jury verdict it does not apply here. Petitioner's guilty plea was the functional equivalent of a judgment of acquittal, since it required this court to conduct the same analysis of law and evidence. Grace, 367 F.3d at 34. See also, Moore's Federal Practice § 629.02[3] (3d ed. 2002) ("Rule 29 has no real application when a case is tried by the court since the plea of not guilty asks the court for a judgment of acquittal."). Petitioner has not shown that his counsel erred in failing to move for judgment of acquittal.

   c. Trial and Appellate Counsel's Failure to Object to Improper Amendment of the Indictment

   Petitioner contends that his trial and appellate counsel rendered ineffective assistance by failing to object to an unconstitutional amendment of the indictment. Petitioner contends there was an unconstitutional variance and amendment on Counts Seven through Nine of his Superceding Indictment, Murder in Aid of Drug Trafficking. Petitioner claims that his attorneys should have objected because the Government allegedly relied on proof that the murders occurred during a mere routine armed robbery, and not drug trafficking.

   When the government or the court "broadens the possible bases for the conviction beyond those included in the indictment, a constructive amendment occurs which is per se reversible error." United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997), cert denied, 522 U.S. 1068 (1998). When evidence presented during trial differs from what is alleged in the indictment, a variance occurs. Id.

Petitioner's argument is without merit and ignores the evidence. The Government did not broaden the possible basis for a conviction. Nor did the trial judge substitute another offense for the one charged in the indictment, as Petitioner claims.

Petitioner's case involved a series of events that occurred in the context of a drug conspiracy. The court heard tremendous evidence that the robbery and murders were intertwined with the sale of drugs and the drug conspiracy. Petitioner had been charged with committing the homicides during the course of a drug conspiracy under 21 U.S.C. § 848(e)(1)(A) and was ultimately convicted under this section. The Government presented evidence that Petitioner killed drug customers who were coming to buy drugs, were engaged in a drug-related conversation at the time the first killing took place. They brought money to the area to buy drugs, and Petitioner was in that area as a drug dealer.

Petitioner's claim that trial counsel failed to object to an unconstitutional amendment is a failed attempt to attack the sufficiency of the evidence against him in the guise of a claim of ineffective assistance of counsel. This is an improper use of collateral review since the sufficiency of the evidence was reviewed on appeal. United States v. Addonizio, 442 U.S. 178, 184–85 (1979) (citing Adams v. United States ex rel McCann, 317 U.S. 269, 274 (1942)); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court" at an earlier date).

In this instance, the Fourth Circuit has already ruled that sufficient evidence existed to show that "the murders were intertwined with the crack cocaine trafficking taking place at Milton and Maryland during the relevant time frame." United States v. Williams, 85 Fed Appx 341, 352 (4th Cir. 2004). On appeal, the court further held it was a rational finding that "the murders were related to a drug trafficking offense as opposed to a random act of violence occurring during an unrelated

armed robbery." Id. at 351–52. Therefore, Petitioner's claim of ineffective assistance by trial counsel fails.

Petitioner claims appellate counsel's failure to raise the objection to improper amendment of the indictment was cause for the procedural default. Appellate counsel's role is to highlight for the appellate court those claims that are most deserving of the court's attention. Appellate counsel should raise significant or obvious issues on appeal, and table the nonfrivolous and groundless claims. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (citations omitted). Appellate counsel challenged the sufficiency of the evidence supporting the convictions of counts Seven through Nine. As stated above, the Fourth Circuit reviewed whether the evidence differed from what was in the indictment, and found that it did not. For these reasons, Petitioner's ineffective assistance claim against appellate counsel also fails.

## IV. Conclusion

The issues raised by Mr. Williams on collateral review are without merit. His claim that his jury trial waiver was not voluntary or knowing fails. Further, he does not demonstrate that either his trial counsel or his appellate counsel provided objectively unreasonable representation that caused him prejudice. As a result, Petitioner's § 2255 motion is DENIED.

                                       /s/
                                       James R. Spencer
                                       UNITED STATES DISTRICT JUDGE

ENTERED this   20th    day of JANUARY, 2006